RECEIVED
JUL 30 2004
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YHD Foxtons, Inc.<br><br>  Plaintiff,<br><br>vs.<br><br>Frank O'Connor, CMA-IT, LLC,<br>George Meringolo, and Scott Ehrlichman,<br>and John Does 1 through 10.<br><br>  Defendants. | CIVIL ACTION NO: 3-03-CV-03470 (MLC)<br><br>CONSENT JUDGMENT AND ORDER<br>FOR PERMANENT INJUNCTIVE<br>RELIEF |

This matter having come before the Court by Consent of the Parties identified in the above-captioned action; and

WHEREAS, on or about March 10, 2002, Defendant Frank O'Connor began working at Plaintiff Foxtons as Chief Technology Officer and was employed by Plaintiff in that capacity for approximately a year; and

WHEREAS, in his capacity as Chief Technology Officer for Foxtons, Defendant O'Connor retained the services of Defendants CMA-IT, Ehrlichman and Meringolo; and

WHEREAS, Plaintiff has alleged that concomitant with his employment as Chief Technology Officer for Foxtons, O'Connor was in partnership with Defendants CMA-IT, Ehrlichman and Meringolo; and

WHEREAS, a dispute arose between Plaintiff and Defendants regarding the Parties' respective interests and potential conflicts in those interests; and

WHEREAS, because of Defendants' alleged contact with Foxtons' confidential and proprietary technology and trade secrets, Foxtons expressed concern regarding this conflict of interest; and

WHEREAS, Plaintiff filed this action in an effort to resolve those conflicts and disputes, seeking injunctive relief and damages; and

WHEREAS, the Defendants responded to the Complaint denying *inter alia* any wrongdoing and asserting counterclaims for outstanding sums due on account of work allegedly performed for and goods allegedly provided to Plaintiff; and

WHEREAS, after a January 16, 2004 settlement conference with the Honorable John J. Hughes, without admitting any liability to anyone else, the Parties have agreed to amicably resolve the matters in difference;

AND the Court having considered the matter; and good cause having been shown;

NOW, THEREFORE, IT IS on this 30th day of July 2004, ORDERED and ADJUDGED as follows:

1. Defendants Frank O'Connor, CMA-IT, LLC, George Meringolo and Scott Ehrlichman and their agents are hereby permanently enjoined from using or creating any software containing Plaintiff's Proprietary Material and from employing any of Plaintiff's Trade Secrets used by Plaintiff in conducting its real estate business. For purposes of this Judgement and Order, Agents will mean all persons whether agents, servants, employees or other legal entities under the direction or control of Defendants; Proprietary Material will mean all materials with respect to which Plaintiff owns one or more copyrights, patents, or trademarks; and Trade Secrets will mean all information treated as confidential by Plaintiff and cognizable by the federal and state courts of the State of New Jersey as legally protectable; and

2. Defendants Frank O'Connor, CMA-IT, LLC, George Meringolo and Scott Ehrlichman and their agents are hereby specifically enjoined from competing with Plaintiff in its real estate business and operations for a period of five (5) years; and

2

3. Defendants having agreed to completely waive and discharge any and all claims, cross-claims, counterclaims and causes of action of any kind whatsoever for work and materials alleged to have been provided or which might have been provided to Plaintiff from the beginning of time up until the execution of this Consent Judgment and Order, any and all such claims, whether made a part of this action or not, are hereby dismissed with prejudice;

4. Plaintiff's claims in this action are all dismissed with prejudice against these Defendants; and

5. Nothing in this Consent Judgment and Order is designed or intended to limit or prejudice Plaintiff's right to bring a motion, claim, action or other legal proceeding to enforce this injunction in the event it appears that any of the Defendants have violated this Judgment and Order in any way, including having engaged in competitive practices or used technology obtained from or derived in any way from the technology used by Foxtons as described more completely in paragraph 1, above.

6. A true and correct copy of this Consent Judgement and Order shall be served upon all counsel of record within 5 days of its receipt.

_____
Honorable Mary L. Cooper
U.S. District Court

**FLASTER GREENBERG, P.C.**

By: _____
James A. Kozachek, Esquire
Counsel for Plaintiff,

Dated: March 24, 2004

3

**Lite DePalma Greenberg & Rivas, LLC**

By:_____          Dated: _____, 2004
    Joseph J. DePalma, Esquire


By:_____          Dated: _____, 2004
    Martin Stein, Esquire
    Counsel for Defendants, Scott Ehrlichman
    and CMA-IT


**Lomurro, Davison, Eatman & Munoz, P.A.**

By:_____          Dated: _____, 2004
    James M. McGovern, Esquire
    Counsel for Defendant, Frank O'Connor


**Broege, Neumann, Fischer & Shaver, L.L.C.**

By:_____          Dated: March 8, 2004
    Peter J. Broege, Esquire
    Counsel for Defendant, George Meringolo

Lite DePalma Greenberg & Rivas, LLC

By: _____                      Dated: _____, 2004
    Joseph J. DePalma, Esquire

By: _____                      Dated: _____, 2004
    Martin Stein, Esquire
    Counsel for Defendants, Scott Ehrlichman
    and CMA-IT

Lomurro, Davison, Eatman & Munoz, P.A.

By: _____                      Dated: _____, 2004
    James M. McGovern, Esquire
    Counsel for Defendant, Frank O'Connor

Broege, Neumann, Fischer & Shaver, L.L.C.

By: _____                      Dated: March 8, 2004
    Peter J. Broege, Esquire
    Counsel for Defendant, George Meringolo

\\fg-file-print\data\profiled docs\f0297\0011\jak\proposed consent order of dismissal with injunction.doc